**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>DEIANE ABAJOS ONAINDIA,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Misc. Action No. ________ |

**DECLARATION OF DEIANE ABAJOS ONAINDIA**
**IN SUPPORT OF APPLICATION UNDER 28 U.S.C. § 1782**

I, Deiane Abajos Onaindia, declare under penalty of perjury under the laws of the United States of America as follows:

## INTRODUCTION AND SCOPE OF DECLARATION

1. I submit this declaration in support of my application under 28 U.S.C. § 1782 for discovery for use in a Spanish criminal proceeding in which I am the investigated person. Except where I state that I understand something from counsel or from records I have reviewed, the statements in this declaration are based on my personal knowledge.

2. Because I am an investigated person in a pending criminal matter in Spain, this declaration is intentionally limited. I am not submitting a complete narrative of disputed events, and nothing in this declaration is intended to waive any right, defense, privilege, or protection available to me in Spain, in the United States, or elsewhere. To the extent I describe the Spanish proceeding, allegations, or defense position, I do so only to explain why I seek U.S. discovery for use in that proceeding.

3. I am asking for access to objective evidence located in the United States so that it can be provided to my Spanish counsel and used in the Spanish proceeding.

## MY U.S. RESIDENCE, WORK, AND CONNECTION TO MARSET USA

4. I am a lawful permanent resident of the United States and am married to a U.S. citizen. I am also a Spanish citizen, but the United States has been my home for many years. Before the Spanish proceeding, I lived in Jersey City, New Jersey, with my husband, and my professional life was centered in New York and New Jersey.

5. I worked for Marset USA, Inc. ("Marset USA"). I understand from records and the Spanish proceeding that Marset USA is a New York corporation located at 202 N. 10th Street, Brooklyn, New York 11211, and that it is affiliated with MARSET ILUMINACION, S.A. ("Marset"), the Spanish entity that initiated the criminal complaint against me in Spain.

6. As I understand the Spanish proceeding and the relevant records, the proceeding concerns five wire transfers in May 2025 from a JPMorgan Chase account associated with Marset USA to recipient accounts outside the United States. I do not provide this description as an admission concerning the legal characterization of those transfers or the merits of the Spanish accusations. I provide it to identify the U.S.-located evidence I seek through this application.

7. The relevant evidence is substantially located in the United States. That evidence includes records and testimony from Marset USA, Marset-related employees, officers, or directors within this Court's jurisdiction, JPMorgan Chase Bank, N.A., and other U.S.-based witnesses or custodians concerning the account, the transfers, company controls, bank controls, communications, and the post-event response.

## OBJECTIVE EVIDENCE SOUGHT

8. I seek objective, nonprivileged evidence, not a ruling from this Court on the merits of the Spanish criminal case.

9. From Marset USA and Marset-related employees, officers, and directors within this Court's jurisdiction, I seek nonprivileged evidence concerning account access, banking controls, payment policies, cybersecurity and fraud controls, authority over the Marset USA account, communications concerning the May 2025 transfers, communications after the events were reported, communications with JPMorgan Chase and law enforcement,

and records relating to any copying or forensic review of my phone, computer, or communications.

10. From JPMorgan Chase, I seek nonprivileged evidence concerning the Marset USA account, the wire transfers at issue, beneficiary creation, internal fraud alerts or holds, warnings or communications with bank personnel, transfer approvals, blocked or released wires, recall or trace efforts, information concerning recipient accounts, and any nonprivileged records bearing on whether there is objective evidence that I personally controlled, received, or benefited from the funds at issue, as well as any evidence of prior Marset USA-unapproved wire transfers from its account, which would show a pattern by Marset USA.

11. I also seek discovery from relevant U.S.-based witnesses and records custodians who may have evidence concerning the Marset USA account, the company's controls, the bank's handling of the transfers, the post-event investigation, reports or communications made in the United States, and the handling of my devices and communications.

12. The Spanish proceeding concerns transfers from a New York bank account associated with a Brooklyn company. The requested discovery is directed to objective facts that U.S. entities and witnesses are best positioned to provide, including what account controls existed, what the bank saw and did, what Marset USA knew and did, where the money went, and whether there is any objective evidence that I personally received, controlled, or benefited from the funds at issue.

**SPANISH PROCEEDING AND CURRENT RESTRICTIONS**

13. In or about September 2025, Marset initiated a criminal complaint against me in Spain. I did not choose Spain as the forum for this dispute. The events and evidence at issue involve my work for a Brooklyn company, a New York bank account, my residence in New Jersey, U.S.-based reports and communications, and U.S.-based witnesses and records.

14. To my knowledge, Marset USA and Marset Spain have not filed any civil action against me in the United States, and I am not aware of any U.S. criminal charges filed against me in connection with these events. Instead, the criminal complaint against me was initiated

in Spain, even though the account at issue belonged to Marset USA, the transfers were made from a JPMorgan Chase account in New York, and the most important records and witnesses are in the United States. I also understand that Marset and its representatives have looked to me and my family for repayment of funds they contend are owed because they blame me for the loss. That is another reason why I need objective U.S. evidence: the allegations against me should be tested through bank records, company records, transfer-tracing records, and witness testimony from the U.S. entities and people who actually possess the relevant information.

15. I appeared through Spanish counsel and requested to provide my statement remotely or through international legal assistance because I lived in the United States. I later traveled from the United States to Madrid to comply with the Spanish court's requirement that I appear personally.

16. After my appearance in Spain on February 24, 2026, Marset demanded and the Spanish court ordered me detained, and I was jailed. The Audiencia Nacional later revoked the prison-detention order and I was released from jail subject to personal measures. As of this declaration, I am prohibited from leaving Spain and must report in person to the police twice each month. I am therefore not free to return to my home in the United States. In practical terms, I remain confined to Spain while the Spanish proceeding continues.

17. Those restrictions have separated me from my husband, my home, my professional network, and my ability to continue my career in the United States. They also interfere with my ability to pursue or accept employment opportunities in the United States while I am barred from leaving Spain.

18. I understand from my Spanish counsel that the Spanish proceeding remains active. I further understand that the defense has requested investigatory measures in Spain, including evidence from the United States concerning the FBI/IC3 complaint, JPMorgan Chase records, tracing of the transfers, and related forensic and witness evidence; that the Spanish court denied or limited material defense-requested measures; that my Spanish counsel appealed that denial or limitation; and that Marset opposed that appeal.

19. I understand from my Spanish counsel that Spanish criminal procedure does not provide me with a direct U.S.-style subpoena or document-request mechanism that I can serve on JPMorgan Chase, Marset USA, Marset-related personnel, or U.S.-based witnesses. Without § 1782 discovery, I must depend on whether the Spanish court or prosecutor will seek evidence through international legal-assistance channels, and on whether those channels produce evidence before the Spanish case advances further.

**INTENDED USE OF U.S. DISCOVERY**

20. I seek discovery from U.S.-based persons and entities because the evidence is located in the United States and because it can be used in the Spanish proceeding. I intend to provide the evidence obtained through this application to my Spanish counsel for use in that proceeding.

21. The evidence may be used, among other things, to support investigatory requests and appeals, to support applications concerning my personal measures, travel restrictions, and liberty restrictions, to respond to the accusation against me, and to prepare my defense if the Spanish case proceeds toward later charging, defense, or trial-preparation stages.

22. I have suffered greatly from what has happened. I have lost my job, my reputation, my ability to work normally, and my freedom to return home. But I am not asking this Court for sympathy alone. I am asking for access to objective U.S. evidence that can be placed before the Spanish court so that the Spanish proceeding can be informed by records and testimony from the entities and people who possess or may possess the relevant information.

23. I respectfully request that the Court grant the application for discovery under 28 U.S.C. § 1782.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 11th, 2026, in Vitoria-Gasteiz, Álava (Spain).

Deiane Abajos Onaindia